Hall, J.
It is apparent that Greenlee’s judgment is no lien upon the assets which have come to the hands of the defendant since that judgment was obtained. It would be difficult to devise a process by which they could be reached, because the plaintiff in that action, after the plea of fully administered was pleaded by the defendant, and found against him by the jury, made his election to proceed against the real estate of defendant’s intestate, by signing judgment and issu *268 ing a sci. fa. against the heirs of the intestate, as a pre-requisite to the issuing of an execution against the lands descended to them agreeably to the directions of the act of 1784, c. 11. Had Greenlee intended to rely upon assets to be received by the defendants, subsequent to the time of obtaining his judgment, he ought to have procured a judgment of assets quando acciderunt; in which case a sci. fa. might have issued conformably thereto, that would have reached the assets in question—6 Term. 1-2 Saunders’ Rep. 217—but no such process can issue from the judgment as it stands. That *269 judgment, then, cannot stand in the way of the plaintiff.—As to the costs due upon the dismission of the suit against Davidson, they must be considered as a debt due by the defendants’ testator; because that dismission took place in consequence of an agreement by him made; and the defendants *270 only acted in conformity to that agreement. If so, they could legally, if they thought proper, retain to the amount of those costs in the present action of assumpsit. Although an execution may have issued against them, before the assets in question came to their hands for those costs, and the sheriff, *271 on that execution returned nulla bona, yet the party interested in that execution, is not precluded from issuing another execution at a subsequent time; the door is not shut against him, as we have seen it is against Greenlee, by his judgment. It matters not that proceedings are carrying on against Stevelie. It is sufficient that Stevelie has not paid the debt—then it is still due by the defendants. To be sure, if Stevelie had paid the debt, things would be different; he would then be a creditor like the present plaintiff, and like him sue for his debt, and get it if he could. The result seems to be, that Greenlee’s judgment creates no lien on the assets in question; but that the costs of the compromise do create such lien.